# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR248-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **ROBERT JEFFREY CODY.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon defendant's Motion for Bond (#119). In that motion, defendant states that he has been in custody since November 2005, that he pleaded guilty pursuant to a plea agreement, and that sentencing has not been scheduled. Docket Entry 119, at ¶¶ 1-3. The statutes dealing with bond are quite specific as to release when a person has been found guilty of certain offenses:

> (2)  The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A) (i)  the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii)  an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B)  the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). On November 21, 2005 the defendant waived a detention hearing at which the undersigned would have applied the standards of 18 U.S.C. § 3142(g). Thereafter the defendant entered a guilty plea which brings into play the higher standards

of Section 3143. At the Rule 11 proceeding, defendant entered and the court accepted a plea of guilty to Count Two of the Bill of Indictment. Count Two charged defendant with conspiracy to violate the Federal Drug Act by manufacturing, possessing with intent to distribute methamphetamine, a Schedule II controlled substance. At that hearing, defendant was advised that the maximum possible penalties for such offense were

> a term of imprisonment which may not be less than 10 years' or more than life imprisonment, a fine not to exceed the sum of $4,000,000, or both, a term of supervised release of at least 5 years' and a $100 special assessment. However, if at the time this offense was committed, you had a prior conviction for a felony drug offense which had become final, then you would be sentenced to a term of imprisonment which may not be less than 20 years' and not more than life imprisonment, a fine not to exceed the sum of $8,000,000, or both, and a term of supervised release of at least 10 years' and a $100 special assessment. If at the time this offense was committed you had two or more prior convictions for a felony drug offense which had become final, then you would be sentenced to a mandatory term of life imprisonment without release, a fine not to exceed the sum of $8,000,000, or both, and a $100 special assessment.

Rule 11 Inquiry, at 3 & 4. Inasmuch as Section 3143(a)(2) is clearly invoked, defendant's initial burden is show at least one of the following:

> (i)  . . . .a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii)  [that ] an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person . . . .

Id. Defendant has made no such showing in his motion and the court's review of the file reveals that the ability of defendant to make such a showing is highly unlikely. Only after such an initial showing would the court be allowed to consider whether defendant "is not

likely to flee or pose a danger to any other person or the community." Id.

Defendant has not made a threshold showing that would merit a further bond hearing, and the motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Bond (#119) is **DENIED** without prejudice.

Signed: April 18, 2006

Dennis L. Howell
United States Magistrate Judge