# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR248-2

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| ROBERT JEFFREY CODY. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant entitled, "Motion to Dismiss Council" (sic) (#134). The court has considered this motion as a motion to substitute counsel. At the call of this matter on for hearing it appeared that the defendant was present and that his counsel, Janna D. Allison was present and that the Government was represented by Assistant United States Attorney, Jill Rose and from the statements of the defendant and the statements of Ms. Allison and the records in this cause, the court makes the following findings:

**Findings:** In a bill of indictment filed on October 4, 2005 the defendant was charged with conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine in violation of Title 21 U.S.C. § 841(a)(1) and with conspiracy to attempt to manufacture and manufacture with intent to distribute methamphetamine in violation of Title 21 U.S.C. § 841 & 846. During the pendency of this matter, the court has held hearings in regard to motions filed by Ms. Allison on behalf of the defendant to suppress evidence, for release of the defendant on terms and conditions of pretrial release and further, requests to consider placement of the defendant in the Jail Based Inpatient Treatment Program. Also, during the pendency of the action, the court has heard and accepted a plea of guilty by the

defendant which was made on March 9, 2006. On March 1, 2007 the defendant filed his motion requesting that other counsel be appointed for him in substitute of Ms. Allison. In the motion, the defendant stated that Ms. Allison had failed to file a motion to "dispute the amount of weight of drugs in which I was accused of being in possession of" and that Ms. Allison had told the defendant that he would not receive enhancements in sentencing in regard to hazardous materials. At the call of this matter on for hearing the court made a detailed inquiry of the defendant and allowed the defendant to present any evidence as to any problems that would result in a total lack of communication between the defendant and Ms. Allison.

The defendant contended, in his statements, that he told Ms. Allison that he had wanted to know what would happen to him as a result of his plea of guilty and indicated that he wanted to be assured by Ms. Allison that his punishment would not be enhanced for possession of a firearm or for possession of hazardous materials. The defendant conceded that it would be no fault of Ms. Allison if the Government made such contentions. He further stated he wanted Ms. Allison to respond to a sentencing report making those contentions. The defendant further stated that he had requested that Ms. Allison make efforts to change his conditions of detention. The defendant stated that he was without medication for depression and hypertension and that the defendant needed medication for dental problems. He stated that he was being held in the maximum security area of the Buncombe County detention facility and that he was not being provided with his medications nor dental

treatment and that he had Hepatitis C and as a result of being unable to obtain exercise that he had gained approximately eighty pounds of weight. He contented that he had presented these concerns to Ms. Allison and that in response she told him that she had attempted to contact Deputy Marshal Lee Banks but that Marshal Banks would not contact Ms. Allison.

Ms. Allison responded that she had visited the defendant in the detention facility on eight occasions and that she had numerous conferences with the defendant's wife and mother. Ms. Allison further reported to the court that she had responded to the sentencing report within the time allowed by law and that she had objected to an enhancement of the defendant's sentence based upon any contentions about firearms or for hazardous materials. She further reported that she had never told the defendant that his sentence could not be enhanced as a result of allegations of that nature and that she had told the defendant that she could not predict what sentence the sentencing Judge would make in the sentencing judgment.

In regard to the issues concerning the detention of the defendant, Ms. Allison reported that she had tried to contact Deputy Marshal Banks about the issues of detention but her calls had not been returned and that she had no control over the conditions of detention of the defendant.

Upon inquiry, the court found that the sentencing report had been presented and that Ms. Allison had objected to some of the statements in the report and that the time for the

Government to respond had not been completed. It was the opinion of Ms. Allison and Ms. Rose, the Assistant United States Attorney, that the defendant's case might be considered for sentencing in May 2007.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 Up. S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (A) timeliness of the defendant's motion; (2) inquiry as to the reasons why the defendant does not wish for Ms. Allison to represent him further; and (3) whether or not there is such a conflict between the defendant and Ms. Allison that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The defendant's request was filed on March 1, 2007 and was heard on March 9, 2007. It appears that the sentencing of the defendant is going to be taking place in May which would be approximately two months from the time of hearing. The defendant's motion is timely, however, it is the opinion of the undersigned that it would be difficult and possibly prejudicial to the defendant to appoint another attorney and for that attorney to be prepared for sentencing in May. Ms. Allison has been vigorously representing the defendant and has

been filing motions on his behalf during her complete period of representations.  She is uniquely in a position to know all the facts and circumstances regarding the charges against the defendant and what facts and law could be used to best benefit the defendant in regard to the issue of sentencing.  As a result, this factor must be weighed against granting the motion.

The undersigned has inquired as to the reasons for the conflict between the defendant and his attorney.  After hearing from both Ms. Allison and the defendant it appears that the defendant's objections are based upon two points.  Point one is the objection of the defendant to the enhancements contained in the pretrial services report.  Ms. Allison has reported that she had objected to those enhancements and has timely filed those objections.  Thus, those contentions on behalf of the defendant must result against appointing substitute counsel.  The second point of contention of the defendant relates to his conditions of detention.  Ms. Allison, nor does the court, have control over the United States Marshal Service and what they consider to be appropriate conditions of detention for the defendant.  The court made inquiry of Deputy Marshal Chris Edge and was advised that the Buncombe County detention facility was of the opinion that the heightened degree of detention was necessary for this defendant.  Ms. Allison has requested action by the United States Marshal Service and has requested that appropriate medical care be provided to the defendant.  This court did, upon the date of hearing, orally request of Deputy Marshal Edge that the defendant's medical and

dental problems be addressed. This is all this court and Ms. Allison can do to resolve that point of contention.

The court has examined the matter to determine whether or not there is such conflict between Ms. Allison and the defendant that there is a total lack of communication between them preventing an adequate defense. It does not appear to the undersigned that such a conflict exists. Ms. Allison is an excellent attorney who works diligently on behalf of her client. She has done so in this case. The undersigned is of the opinion that Ms. Allison is doing a good job in representing the defendant and is representing the defendant with a heightened degree of vigilance and vigorousness. After considering all the factors, that being the timeliness of the motion, making an inquiry of the defendant as to why the defendant does not wish for Ms. Allison to represent him further and whether or not there appears to be a total lack of communication between the defendant and his counsel that would prevent an adequate defense, the undersigned has determined to enter an order denying the motion.

**ORDER**

**IT IS, HEREBY ORDERED** that the motion of the defendant entitled, "Motion to Dismiss Council" (sic) (#134) is hereby **DENIED**.

Signed: March 13, 2007

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge